IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN BENJAMIN TIDWELL,

    Petitioner,                    No. CIV S-11-0403 DAD P

    vs.

WARDEN, CALIFORNIA MEDICAL FACILITY, et al.,

    Respondents.               ORDER

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner has also consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). See Doc. No. 3.

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. Thus, Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

1    Moreover, the Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition
2    for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4;
3    a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are
4    considered; or a dismissal after consideration of the pleadings and an expanded record."
5             In his February 14, 2011 petition, petitioner challenges the January 28, 2009
6    decision by the California Board of Parole Hearings (hereinafter "Board") to deny him parole.
7    (Doc. No. 1 at 1, 7-30.)  Petitioner claims that the Board's 2009 decision violated his right to due
8    process because it was not supported by "some evidence" that he posed a current danger to
9    society if released from prison, as required under California law.  A review of the record before
10   the court reflects that petitioner's allegations plainly do not entitle him to federal habeas corpus
11   relief.  Accordingly, his petition will be dismissed pursuant to habeas Rule 4.
12            The Due Process Clause of the Fourteenth Amendment prohibits state action that
13   deprives a person of life, liberty, or property without due process of law.  A litigant alleging a
14   due process violation must first demonstrate that he was deprived of a liberty or property interest
15   protected by the Due Process Clause and then show that the procedures attendant upon the
16   deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,
17   490 U.S. 454, 459-60 (1989).
18            A protected liberty interest may arise from either the Due Process Clause of the
19   United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
20   expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209,
21   221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States
22   Constitution does not, of its own force, create a protected liberty interest in a parole date, even
23   one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of
24   Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted
25   person to be conditionally released before the expiration of a valid sentence.").  However, a
26   state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

1  will be granted" when or unless certain designated findings are made, and thereby gives rise to a
2  constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

3        California's parole scheme gives rise to a liberty interest in parole protected by the
4  federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th
5  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.
6  Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in
7  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639
8  F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that
9  California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release
10 on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,
11 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

12       In Swarthout, the Supreme Court reviewed two cases in which California
13 prisoners were denied parole - in one case by the Board, and in the other by the Governor after
14 the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that
15 when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment
16 requires fair procedures, "and federal courts will review the application of those constitutionally
17 required procedures." Id. at 862. The Court concluded that in the parole context, however, "the
18 procedures required are minimal" and that the "Constitution does not require more" than "an
19 opportunity to be heard" and being "provided a statement of the reasons why parole was denied."
20 Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit
21 decisions that went beyond these minimal procedural requirements and "reviewed the state
22 courts' decisions on the merits and concluded that they had unreasonably determined the facts in
23 light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected
24 the application of the "some evidence" standard to parole decisions by the California courts as a
25 /////
26 /////

component of the federal due process standard.  Id. at 862-63.[1]  See also Pearson, 639 F.3d at 1191.

As noted above, petitioner seeks federal habeas relief on the grounds that the Board's 2009 decision to deny him parole, and the findings upon which that denial was based, were not supported by "some evidence" as required under California law.  However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

/////

---

[1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

4

1    The federal habeas petition pending before the court in this case reflects that
2 petitioner was represented by counsel at his 2009 parole suitability hearing. (Doc. 1 at 114.) The
3 record also establishes that at that parole suitability hearing petitioner was given the opportunity
4 to be heard and received a statement of the reasons why parole was denied by the Board panel.
5 (Id. at 113-222.) That is all the process that was due petitioner under the Constitution.
6 Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1046; Pearson,
7 639 F.3d at 1191. Accordingly, the pending petition will be dismissed because it plainly appears
8 from the face of the petition and the exhibits annexed to it that the petitioner is not entitled to
9 federal habeas relief with respect to his due process claim.

10    For the reasons set forth above, a certificate of appealability will also be denied.
11 See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a
12 certificate of appealability when it enters a final order adverse to the applicant); Hayward v.
13 Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of
14 appealability to review the denial of a habeas petition challenging an administrative decision
15 such as the denial of parole by the parole board), abrogated on other grounds in Swarthout v.
16 Cooke, 562 U.S. ___ , 131 S. Ct. 859 (2011).

17    In accordance with the above, IT IS HEREBY ORDERED that:

18    1. Petitioner's application for a writ of habeas corpus petition (Doc. No. 1) is
19 dismissed;

20    2. A certificate of appealability is denied; and

21    3. This action is closed.

22 DATED: July 20, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
tidwell403.100

5